UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 11-235 |
| DENAIR RILEY | SECTION: "G" |

**ORDER**

Pending before the Court is Defendant Denair Riley's ("Riley") *pro se* "Motion Requesting a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)."[1] Riley is currently serving a term of 288 months imprisonment imposed by this Court after Riley pled guilty to: (1) a conspiracy to distribute and to possess with the intent to distribute 280 grams or more of cocaine base (crack) and 500 grams or more of cocaine hydrochloride, and (2) use of a communication facility, a phone, in facilitating commission of the drug trafficking conspiracy.[2] In the instant motion, Riley argues that he is entitled to a sentence reduction because he contends that an error occurred during his October 26, 2014 sentencing hearing.[3] Specifically, Riley contends that a sentencing enhancement should not have been applied under 21 U.S.C. §§ 841(b)(1)(A) and 851 because Riley did not serve more than one year in prison on the predicate offense upon which the enhancement was based.[4]

Generally, a "court may not modify a term of imprisonment once it has been imposed."[5] Federal law provides three exceptions: (1) upon a motion for compassionate release under 18

---

[1] Rec. Doc. 928.

[2] Rec. Doc. 637.

[3] Rec. Doc. 928.

[4] *Id.*

[5] 18 U.S.C. § 3582(c).

1

U.S.C. § 3582(c)(1)(A);[6] (2) "to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure" under 18 U.S.C. § 3582(c)(1)(B);[7] or (3) when the defendant was sentenced based on a Sentencing Guideline range that was subsequently lowered by the Sentencing Commission under 18 U.S.C. § 3582(c)(2).[8]

Riley asserts that he is entitled to relief under Section 3582(c)(2).[9] However, Riley was not sentenced based on a sentencing range that has been subsequently lowered by the Sentencing Commission. Instead, Riley argues that an error occurred during his September 2014 sentencing hearing.[10] "A § 3582(c)(2) motion is not the appropriate vehicle for raising issues related to the original sentencing."[11] "Such arguments are for direct appeal and are not cognizable under § 3582(c)(2)."[12]

Additionally, even assuming that such an argument could be raised at this stage, Riley has not demonstrated that any error occurred during the original sentencing hearing. Riley argues that a sentencing enhancement should not have been applied under 21 U.S.C. §§ 841(b)(1)(A) and 851 because Riley did not serve more than one year in prison on the predicate offense upon which the enhancement was based.[13] This argument is a misstatement of the law that was in effect at the time

---

[6] *Id.* § 3582(c)(1)(A).

[7] *Id.* § 3582(c)(1)(B).

[8] *Id.* § 3582(c)(2).

[9] Rec. Doc. 928.

[10] *Id.*

[11] *United States v. Rendon-Diaz*, 807 F. App'x 418, 420 n.2 (5th Cir. 2020) (quoting *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009)) (brackets omitted).

[12] *Id.*

[13] *Id.*

of sentencing. A mandatory minimum term of 20 years imprisonment was applied to Riley's conviction pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851 because he had "a prior conviction for a felony drug offense."[14] A "felony drug offense" is defined as "an offense that is *punishable* by imprisonment for more than one year."[15] Here, the record clearly reflected that Riley was previously convicted of distribution of cocaine on May 5, 2003, and he was sentenced to a term of 12 months and 1 day imprisonment.[16] Therefore, the sentencing enhancement was correctly applied in this case because the prior felony drug offense was *punishable* by imprisonment for more than one year, regardless of the term Riley actually served.[17] Finally, although the recidivist penalties of 21 U.S.C. § 841(b)(1)(A) were amended by the First Step Act of 2018, the amendment applies prospectively and has not been made retroactive.[18]

    Accordingly,

---

[14] 21 U.S.C. § 841(b)(1)(A) (2010).

[15] *Id.* § 802(44) (2009).

[16] Rec. Doc. 221 at 25.

[17] *United States v. Campos*, 163 F. App'x 232, 234 (4th Cir.2006) ("That [defendant] was sentenced to less than one year in prison for his New Jersey conviction is immaterial, because § 802(44) refers to offenses 'punishable' by more than one year").

[18] First Step Act § 401(c) states that this section applies "to any offense that was committed before the date of enactment of [the First Step] Act, if a sentence for the offense has not been imposed as of such date of enactment." Pub. L. No. 115-391, § 401(c), 132 Stat. 5194, 5221 (2018). *See also United States v. Staggers*, 961 F.3d 745, 754–55 (5th Cir. 2020) (finding that defendants sentenced to mandatory minimum life imprisonment before First Step Act's enactment did not benefit from Section 401).

**IT IS HEREBY ORDERED** that Defendant Denair Riley's "Motion Requesting a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)"[19] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this   14th   day of March, 2022.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[19] Rec. Doc. 928.