UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 11-235** |
| **DENAIR RILEY** | **SECTION: "G"** |

## ORDER AND REASONS

Before the Court are two motions filed by Defendant Denair Riley ("Riley"): (1) a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)[1] and (2) a motion for leave to supplement the motion for compassionate release.[2] Riley contends that his "unusually long sentence" constitutes sufficient grounds for a sentence reduction under Section 3582(c)(1)(A).[3] The government opposes the motion for compassionate release.[4] For the reasons discussed below and pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Court finds that extraordinary and compelling reasons warrant a reduction of Riley's sentence. Riley does not pose a danger to any other person or the community, the Section 3553(a) factors support a reduction, and the reduction is consistent with the applicable U.S. Sentencing Commission policy statement. Accordingly, the Court grants the motions and reduces Riley's term of imprisonment as to Count 1 from 240 months to time-served.

---

[1] Rec. Doc. 992.

[2] Rec. Doc. 1003.

[3] Rec. Docs. 992, 1003.

[4] Rec. Doc. 998.

## I. Background

On April 26, 2012, Riley pled guilty to Counts 1 and 17 of a 17-count Superseding Indictment.[5] Count 1 charged Riley with a conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (crack) and 500 grams or more of cocaine hydrochloride.[6] Count 17 charged Riley with using a communication facility in a drug trafficking crime.[7]

Riley appeared for a sentencing hearing on September 25, 2014.[8] During the hearing, Riley requested a downward departure based on his cooperation with the government. Although the government acknowledged that Riley had provided it with some useful information, it did not request a departure because it did not believe Riley's cooperation was sufficient to warrant a departure. On September 26, 2014, the Court denied Riley's request for a departure and sentenced him to the mandatory minimum term of 240 months imprisonment as to Count 1 and 48 months as to Count 17, to run concurrently to each other and concurrently to the revocation sentence imposed in Case No. 05-223.[9] According to the PSR, Riley's advisory guidelines range was 108–135 months imprisonment.[10] However, the Court was bound by the 240-month mandatory minimum applicable to Count 1.

Riley appealed the sentence, arguing that the government breached the plea agreement by

---

[5] Rec. Doc. 188.

[6] Rec. Doc. 110.

[7] *Id.*

[8] *Id.*

[9] Rec. Doc. 637.

[10] Rec. Doc. 221.

failing to move for a downward departure.[11] On April 7, 2016, the Fifth Circuit affirmed the sentence, finding that a court cannot grant a downward departure for substantial assistance unless the government so moves.[12] The Fifth Circuit emphasized that "[t]he refusal to move for downward departure is reviewable only for unconstitutional motivation when [the government's] sole discretion is retained."[13] Since Riley did not claim an unconstitutional motivation, asserting only that his refusal to cooperate was because he feared for his safety, the Fifth Circuit affirmed this Court's sentence.[14]

In 2022, the United States Attorney's Office for the Eastern District of Louisiana contacted the Court to request comment on Riley's Petition for Commutation of Sentence. On June 30, 2022, the Court wrote in support of the petition. The Court stated:

> If Mr. Riley were sentenced today, he would not be subject to the same mandatory minimum sentence under Section 401 of the First Step Act. Although a bill was introduced in 2021, Congress has not yet made Section 401 of the First Step Act retroactive. Therefore, at this time, the Court does not have any authority to reduce Mr. Riley's sentence. However, if Section 401 is made retroactive, the Court would reduce Mr. Riley's sentence. His presentence investigation report states that he did not possess any firearms in connection with the instant offense. Although Mr. Riley had some prior criminal history, it was not extensive and most of the offenses occurred many years before the instant offense. Additionally, the evidence suggested that Mr. Riley likely played a small part in the overall scope of this conspiracy.
>
> The Sentencing Guidelines applicable to this case suggested a sentence of 108 to 135 months. If I were not bound by the 20-year mandatory minimum, I likely would have imposed a sentence within the Guideline range. For these reasons, I support Mr. Riley's Petition for Commutation of Sentence. Additionally, if Mr. Riley's sentence is commuted, I would be in favor of a term of supervised release remaining in effect so that the Eastern District of Louisiana's Probation Office can

---

[11] Rec. Doc. 639.

[12] *United States v. Riley*, 642 F. App'x 483 (5th Cir. 2016) (citing *United States v. Krumnow*, 476 F.3d 294, 297 (5th Cir. 2007)).

[13] *Id.* (citing *United States v. Aderholt*, 87 F.3d 740, 743 (5th Cir. 1996)).

[14] *Id.* at 484.

assist Mr. Riley's reintegration into the community.

No action appears to have been taken by the President on Riley's Petition for Commutation of Sentence. Riley is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia.[15] His projected release date is July 18, 2029.[16]

The record reflects that on April 8, 2023, Riley filed a request for compassionate release with the BOP.[17] However, no action appears to have been taken on the request.

On September 22, 2023, Riley filed the instant pro se motion for compassionate release pursuant to Section 3582(c)(1)(A).[18] On October 27, 2023, the government filed an opposition to the motion.[19] On November 24, 2023, Riley filed a reply brief in further support of the motion for compassionate release.[20] The same day, Riley also filed a motion for leave to supplement the motion for compassionate release.[21]

## II. Parties' Arguments

A.   *Riley's Arguments in Support of the Motion for Compassionate Release*

Riley seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[22] Riley asserts that, if he were sentenced today, he would not face the mandatory minimum term of 20 years

---

[15] *See* https://www.bop.gov/inmateloc/.

[16] *Id.*

[17] Rec. Doc. 992-2.

[18] Rec. Doc. 992.

[19] Rec. Doc. 998.

[20] Rec. Doc. 1002.

[21] Rec. Doc. 1003.

[22] Rec. Doc. 992 at 1.

imprisonment imposed in 2014.[23] Riley points out that he is 50 years old, and he has been incarcerated since December 2011.[24] He submits that he has already served the full term of imprisonment that would have applied to his case, absent the then applicable mandatory minimum.[25] Although the recidivist penalties of 21 U.S.C. § 841(b)(1)(A) were amended by the First Step Act of 2018, Riley acknowledges that the amendment applies prospectively and has not been made retroactive.[26] Nevertheless, Riley asserts that the Court should consider this change as a basis for granting compassionate release.[27]

Riley cites caselaw from other circuits finding that prior drug conspiracy convictions do not qualify as proper predicates for the career offender enhancement under the Guidelines.[28] Riley also cites a December 16, 2022 Department of Justice memoranda, which he contends could influence the government to use its discretion to charge him more lightly, in light of the Department of Justice's new policies and guidance, if he were sentenced again today.[29]

Riley claims that his sentence should be reduced because of his age and health issues, rehabilitation, and the § 3553 sentencing factors.[30] Riley notes that he is a 50-year-old man that suffers from a variety of health problems, such as high cholesterol, high blood pressure, and

---

[23] *Id.* at 6.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 7.

[27] *Id.*

[28] *Id.* at 9–10.

[29] *Id.* at 12–16.

[30] *Id.* at 17–25.

kidney problems.[31] Finally, Riley asserts that he has "demonstrated exceptional rehabilitation" while incarcerated.[32]

### B. The Government's Arguments in Opposition to the Motion

In response, the government states that it was unable to confirm whether Riley exhausted his administrative remedies.[33] The government acknowledges that Riley attached a document addressed to Warden J. Fikes, which requests compassionate release.[34] However, when the government attorney contacted the BOP, they did not have record of this request and were unable to confirm that Riley did in fact submit such a request to the staff or warden.[35] Therefore, the government "takes no position" on whether Riley has complied with the exhaustion requirement.[36]

The government concedes that under today's law Riley would be subject to a ten-year mandatory minimum, rather than the twenty-year mandatory minimum that applied in 2014.[37] However, the government submits that there is dispute in the Fifth Circuit regarding whether a non-retroactive sentencing amendment presents an extraordinary and compelling reason to justify compassionate release.[38] The government acknowledges that amendments to the Sentencing

---

[31] *Id.* at 17–20.

[32] *Id.* at 20.

[33] Rec. Doc. 998 at 2.

[34] *Id.* at 3.

[35] *Id.*

[36] *Id.*

[37] *Id.* at 5.

[38] *Id.* (citing *United States v. Elam*, No. 22-40373, 2023 WL 6518115 (5th Cir. Oct. 5, 2023) (stating "our circuit has not authoritatively weighed in on the issue"); *United States v. McMaryion*, No. 21- 50450, 2023 WL 4118015 (5th Cir. June 22, 2023) (unpublished opinion concluding that such a non-retroactive change cannot warrant a reduced sentence under § 3582(c)(1)(A)(i)).

Guidelines were scheduled to go into effect on November 1, 2023, which specifically provide that non-retroactive changes to sentencing law can be considered as a basis for compassionate release.[39] Nevertheless, since the government's brief was filed days before the amendment, it did not address the proposed changes in detail.[40] The government submits that the other alleged changes to the law and Department of Justice policy cited by Riley either do not qualify as extraordinary and compelling or would not impact Riley's sentence.[41]

Next, the government argues that Riley's health does not present an extraordinary and compelling circumstance.[42] The government argues that the medical documents provided do not suggest that Riley is terminally ill or that his medical condition is so substantially diminished that he cannot provide self-care in a correctional facility.[43] Additionally, the government submits that Riley's rehabilitation alone cannot be considered an extraordinary circumstance.[44] The government attaches Riley's disciplinary record, which details eight sanctioned incidents during his time in custody, including one from September 12, 2023 for being "insolent to staff member" and "disruptive conduct."[45]

For these reasons, the government asserts that Riley has not presented the requisite extraordinary and compelling reasons to reopen his sentence.[46] However, should this Court

---

[39] *Id.* at 4, n.1.

[40] *Id.*

[41] *Id.*

[42] *Id.* at 8–9.

[43] *Id.*

[44] *Id.* at 10.

[45] *Id.* at 11.

[46] *Id.* at 13.

disagree, finding that Riley has presented the extraordinary and compelling reasons, the government points out that a careful review of the § 3553 sentencing factors should be performed to ensure that any reduction to his sentence is consistent with those factors.[47]

C.     *Riley's Supplemental Arguments in Support of the Motion*

In the reply brief, Riley submits that he hand-delivered his request for compassionate release to Counselor Brown on April 8, 2023.[48] Riley argues that this should satisfy the exhaustion requirement.[49] Riley argues that the Court has broad discretion in considering a compassionate release motion, and he submits that the Court should consider the November 1, 2023 amendments to the Sentencing Guidelines in deciding his motion.[50] Riley reiterates his prior argument that his sentence should be reduced because of his age and health issues, rehabilitation, and the § 3553 sentencing factors.[51] Riley requests that the Court reduce his sentence to a term of time-served.[52]

In the motion for leave to supplement the motion for compassionate release, Riley specifically requests that the Court consider the 2023 amendments to the Sentencing Guidelines in deciding his motion.[53] Riley contends that his "unusually long sentence" constitutes sufficient grounds for a sentence reduction under Section 3582(c)(1)(A).[54]

---

[47] *Id.*

[48] Rec. Doc. 1002 at 2.

[49] *Id.*

[50] *Id.* at 6.

[51] *Id.* at 12–16.

[52] *Id.* at 17.

[53] Rec. Doc. 1003.

[54] Rec. Doc. 1003-1.

### III. Legal Standard

Generally, a "court may not modify a term of imprisonment once it has been imposed."[55] Federal law provides three exceptions:

(1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A);[56]

(2) "to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"[57]; or

(3) when the defendant was sentenced based on a retroactively lowered sentencing range.[58]

Riley moves the Court to reduce his sentence under Section 3582(c)(1)(A).[59] Motions to reduce a sentence under Section 3582(c)(1)(A) are often referred to as "compassionate release" motions.[60] Prior to 2018, only the Director of the BOP could file a compassionate release motion under Section 3582(c)(1)(A).[61] In 2018, Congress passed and the President signed into law the First Step Act.[62] That Act amended the process to file compassionate release motions by permitting prisoners to file such motions directly with a court.[63]

Yet, before filing a compassionate release motion directly with a court, a prisoner must

---

[55] 18 U.S.C. § 3582(c)(1)(A).

[56] *Id.*

[57] *Id.* § 3582(c)(1)(B).

[58] *Id.* § 3582(c)(2).

[59] Rec. Doc. 992.

[60] *See, e.g., United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).

[61] *Id.*

[62] *See id.*

[63] *See id.*

exhaust the administrative requirements under Section 3582(c)(1)(A).[64] Indeed, under 3582(c)(1)(A), a defendant may personally move the Court to reduce his or her sentence only after either (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) "the lapse of 30 days from the receipt of [a request to the Bureau of Prisons to bring a motion on the defendant's behalf] by the warden of the defendant's facility," whichever is earlier.[65]

Once Section 3582(c)(1)(A)'s exhaustion requirement is satisfied, a court may reduce a prisoner's sentence if it finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."[66] Finally, the Court must "also consider[ ] the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable."[67]

### IV. Analysis

A. *Whether Riley Has Exhausted Administrative Remedies*

A defendant must exhaust administrative remedies before filing a motion in the district court seeking compassionate release pursuant to Section 3582(c)(1)(A).[68] If a defendant submits a request for compassionate release to the warden of his facility, and thereafter there is a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,"[69] the

---

[64] *See* 18 U.S.C. § 3582(c)(1)(A).

[65] *Id.*

[66] *Id.*

[67] *Id.*

[68] *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) ("The statute's requirement that a defendant file a request with the BOP before filing a motion in federal court is a [mandatory] nonjurisdictional claim-processing rule."); 28 U.S.C. § 3582(c)(1)(A).

[69] *Franco*, 973 F.3d at 468.

exhaustion requirement is satisfied, and the Court may consider a motion for compassionate release filed by the defendant. The Fifth Circuit has held that the exhaustion requirement is not jurisdictional, but it is a mandatory claim-processing rule.[70] Because the administrative exhaustion requirement is a claim-processing rule, it must be enforced unless it is waived by the government.[71]

Attached to the motion for compassionate release, Riley presents a document dated April 8, 2023, and addressed to Warden J. Fikes, which requests compassionate release.[72] Riley also submits a declaration, wherein he attests that he hand-delivered this "Inmate Request to Staff" to his Federal Bureau of Prison Staff/Counselor Brown.[73] In response, the government states that it was unable to confirm whether Riley exhausted his administrative remedies.[74] When the government attorney contacted the BOP, they did not have record of this request and were unable to confirm that Riley did in fact submit such a request to the staff or warden.[75] Therefore, the government "takes no position" on whether Riley has complied with the exhaustion requirement.[76]

Since the government takes no position on whether Riley complied with the exhaustion

---

[70] *Id.*

[71] *See United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) ("Because the statutory language is mandatory—that a prisoner must exhaust their BOP remedy before filing in district court—we must enforce this procedural rule since the Government did not waive the exhaustion issue on appeal.").

[72] Rec. Doc. 992-2 at 3–4.

[73] Rec. Doc. 1002 at 1.

[74] Rec. Doc. 998 at 2.

[75] *Id.* at 3.

[76] *Id.*

request, it has not sought to enforce the claim-processing rule.[77] The documentation submitted by Riley suggests that he requested compassionate release by submitting a request to the warden on April 8, 2023. More than 30 days have passed, and apparently no response from the warden was received. Therefore, the Court may evaluate Riley's request for compassionate release on the merits.

### B.     *Whether Extraordinary and Compelling Reasons Warrant a Sentence Reduction*

Pursuant to 28 U.S.C. § 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." On November 1, 2023, amendments to the Sentencing Guidelines went into effect. The amendments include changes to Section 1B1.13, the policy statement on reduction in term of imprisonment under 18 U.S.C. § 3582(c)(1)(A). The amendments to Section 1B1.13 seek to clarify and define the circumstances under which a non-retroactive change to sentencing law can constitute an extraordinary and compelling reasons for a reduction. Relevant here, Section 1B1.13(b)(6) provides:

> Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Riley's sentence appears to be exactly the kind of "unusually long sentence" as is envisioned by the amendment to the Sentencing Guidelines as a basis for compassionate relief.

---

[77] *See Franco*, 973 F.3d at 468 (recognizing that a district court must enforce the mandatory claim-processing rule where it is raised by the government).

Riley has been incarcerated since December 2011, and he has already served more than 10 years in prison. When Riley was sentenced in 2014 a mandatory minimum term of 20 years imprisonment was applied to Riley's conviction pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851 because he had "a prior conviction for a felony drug offense."[78] A "felony drug offense" was defined as "an offense that is *punishable* by imprisonment for more than one year."[79] Riley was previously convicted of distribution of cocaine on May 5, 2003, and he was sentenced to a term of 12 months and 1 day imprisonment.[80] Therefore, the sentencing enhancement was correctly applied in this case because the 2003 felony drug offense was *punishable* by imprisonment for more than one year, regardless of the term Riley actually served.[81]

The First Step Act of 2018 amended the recidivist penalties of 21 U.S.C. § 841(b)(1)(A), but that amendment applies prospectively and has not been made retroactive.[82] The First Step Act replaced the term "felony drug offense" with the term "serious drug felony."[83] To qualify as a "serious drug felony" an offender must have "*served* a term of imprisonment of more than 12 months."[84] While Riley was sentenced to twelve months and one day for his 2003 conviction, the

---

[78] 21 U.S.C. § 841(b)(1)(A) (2010).

[79] *Id.* § 802(44) (2009).

[80] Rec. Doc. 221 at 25.

[81] *United States v. Campos*, 163 F. App'x 232, 234 (4th Cir. 2006) ("That [defendant] was sentenced to less than one year in prison for his New Jersey conviction is immaterial, because § 802(44) refers to offenses 'punishable' by more than one year").

[82] First Step Act § 401(c) states that this section applies "to any offense that was committed before the date of enactment of [the First Step] Act, if a sentence for the offense has not been imposed as of such date of enactment." Pub. L. No. 115-391, § 401(c), 132 Stat. 5194, 5221 (2018). *See also United States v. Staggers*, 961 F.3d 745, 754–55 (5th Cir. 2020) (finding that defendants sentenced to mandatory minimum life imprisonment before First Step Act's enactment did not benefit from Section 401).

[83] *See* 28 U.S.C. 841(b)(1)(A).

[84] *See* 21 U.S.C. § 802(57).

government concedes that he served less than twelve months for the 2003 offense.[85] The government also concedes that under today's law, Riley would have been subject to a ten-year mandatory minimum, rather than a twenty-year mandatory minimum.[86]

While the First Step Act did not make these changes retroactive, the 10-year difference in the sentence Riley received in 2014 and the sentence he would receive today constitutes a "gross disparity" that is worth remedying. The government suggests that the Court should not apply the amendment to United States Sentencing Guidelines, Section 1B1.13 to Riley's motion because it was filed before the amendment went into effect. However, "[M]otions for compassionate release are inherently discretionary."[87] Other courts even applied the proposed amendment in granting compassionate release before it went into effect on November 1, 2023.[88] For these reasons, the Court applies the 2023 amendment to Section 1B1.13 and finds that Riley's "unusually long sentence" constitutes extraordinary and compelling reasons for a reduction of sentence.[89]

B.   **Whether the Section 3553(a) Factors Weigh in Favor of Reducing Riley's Sentence**

If the Court determines that "extraordinary and compelling" circumstances warrant a reduction in sentence, the Court must consider whether a reduction is in line with "the factors set

---

[85] Rec. Doc. 998 at 5.

[86] *Id.*

[87] *Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021).

[88] *United States v. Lang*, No. 04-11, 2023 WL 6065156, at *5 (E.D. La. Sept. 18, 2023); *United States v. John Fitzgerald Big Leggins, Jr.*, No. 07-114, 2023 WL 6807303, at *1 (D. Mont. Oct. 16, 2023). *See also United States v. Elam*, No. 22-40373, 2023 WL 6518115, at *2 (5th Cir. Oct. 5, 2023) (holding that the district court did not err in concluded that the non-retroactive change to § 924(c)'s sentencing regime did not count as an "extraordinary and compelling" reason under § 3582(c)(1)(A)(i), but expressing no view regarding whether the defendant could file an additional motion based on the amended policy statement and his individualized circumstances).

[89] This finding is consistent with the applicable policy statement issued by the Sentencing Commission. The policy statement provides that the Court may grant a reduction if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(a)(2). The government does not suggest that Riley would be a danger to the safety of any person or the community. Additionally, nothing in the record suggests that he would be a danger to the safety of any person or the community.

forth in 18 U.S.C. § 3553(a)."[90] The government does not argue that a reduction would be inconsistent with the Section 3553(a) factors, but it merely suggests that the Court should "carefully review" the Section 3553(a) factors.[91]

Section 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .
> (5) any pertinent [Sentencing Commission] policy statement . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (6) the need to provide restitution to any victims of the offense.[92]

This offense involved a 10-defendant conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base and 500 grams or more of cocaine hydrochloride.[93] Wiretaps intercepted Riley participating as an active co-conspirator in the conspiracy and discussing the procurement of packages of crack cocaine.[94] According to the PSR, Riley was attributed with between 500 and 1,000 grams of cocaine base, but he did not facilitate the

---

[90] 18 U.S.C. § 1B1.13(a)(2).

[91] Rec. Doc. 998 at 11–12.

[92] 18 U.S.C. § 3553(a).

[93] Rec. Doc. 221 at 5.

[94] *Id.* at 9, 17.

distribution of any cocaine hydrochloride.[95] The evidence suggested that Riley likely played a small part in the overall scope of this conspiracy.[96] Additionally, Riley did not possess or use any firearm in connection with the instant offense.[97]

Riley's criminal history included at least two prior convictions or drug offenses, including one in the Eastern District of Louisiana, for which Riley was sentenced to 12 months and 1 day in prison.[98] Riley also pled guilty to conspiracy to defraud the government in 2005, for which Riley was still on probation at the time of the instance offense.[99] Riley's criminal history was not extensive and most of the offenses occurred many years before the instant offense.

Riley discontinued school in the ninth grade, but he has a history of stable employment as a truck driver and laborer.[100] He has five children, and a supportive family.[101] Riley has a past history of substance abuse, which may have played a role in his involvement in the instance offense.[102]

Riley has provided evidence that he has undergone significant rehabilitation during his 12 years of incarceration. The government does not dispute that Riley has completed numerous training and vocational programs while incarcerated. The government attaches Riley's disciplinary record, which details eight sanctioned incidents during his time in custody, including

---

[95] *Id.* at 22.

[96] *Id.* at 11–21 (describing the scope of the conspiracy).

[97] *Id.*

[98] *Id.* at 24–25.

[99] *Id.* at 26.

[100] *Id.* at 31–32.

[101] *Id.* at 28–29.

[102] *Id.* at 29, 35.

one from September 12, 2023 for being "insolent to staff member" and "disruptive conduct – moderate."[103] The remainder of the infractions are for "possessing a hazardous tool," being in an unauthorized area, "disruptive conduct," destruction of property less than $100, and possession of unauthorized items.[104] None of the infractions appear to have been violent in nature.

Regarding concerns about "unwarranted sentencing disparities," Riley's original 240-month sentence is significantly higher than many of his co-defendants who were sentenced to 120-months in prison for the same conspiracy charge.[105] A reduced sentence would suitably provide just punishment for the offense and protect the public from further crimes by the defendant. Even with a reduction to time-served, Riley has spent 12 years in prison. Standing alone, his age—50 years old—suggests a lower likelihood of recidivism.[106]

At the time of sentencing, Riley's Sentencing Guideline range for a term of imprisonment was 108 to 135 months, but a mandatory minimum term of imprisonment of 240 months was applicable to Count 1.[107] As of this month, Riley has been incarcerated for 144 months. Considering all of the relevant Section 3553(a) factors, the Court grants the motion for compassionate release. Considering the amount of time that Riley has been in custody, the Court

---

[103] Rec. Doc. 998-2.

[104] *Id.*

[105] *See* Rec. Doc. 455 (co-defendant Quincy Stewart sentenced to 120 months imprisonment), Rec. Doc. 408 (co-defendant Armound Barbain sentenced to 120 months imprisonment), Rec. Doc. 356 (co-defendant Anthony Hamilton sentenced to 121 months imprisonment).

[106] *See* United States Sentencing Commission, The Effects of Aging on Recidivism Among Federal Offenders, p. 30 (December 2017), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf. ("Among offenders released younger than age 21, 67.6 percent were rearrested compared to 13.4 percent of those released age 65 or older. The pattern is consistent across age groups, as age increases recidivism by any measure declined. Older offenders who do recidivate do so later in the follow-up period, do so less frequently, and had less serious recidivism offenses on average.").

[107] Rec. Doc. 221 at 33.

concludes that a term of time-served is appropriate.

At sentencing, the Court imposed a term of supervised release of 10 years as to Count 1 and 1 year as to Count 2, to run concurrently.[108] The special conditions of supervised release ordered were for Riley to provide complete access to financial information and undergo random urinalysis.[109] Accordingly, having considered all of the relevant factors under Section 3142(g) and Section 3553(a), and having weighed the totality of the relevant circumstances, the Court finds the factors weigh in favor of Riley's request for compassionate release. The Court orders additional terms of supervised release as set forth below to ensure public safety, assist Riley's reintegration into the community, and assist Riley in vocational readiness.

## V. Conclusion

For the reasons discussed above and pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Court finds that extraordinary and compelling reasons warrant a reduction of Riley's sentence. Riley does not pose a danger to any other person or the community, the Section 3553(a) factors support a reduction, and the reduction is consistent with the applicable U.S. Sentencing Commission policy statement. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Denair Riley's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)[110] and motion for leave to supplement the motion for compassionate release[111] are **GRANTED.** Riley's sentence is reduced to time served in prison.

**IT IS FURTHER ORDERED** that upon release from imprisonment, Riley shall be

---

[108] Rec. Doc. 637.

[109] *Id.*

[110] Rec. Doc. 992.

[111] Rec. Doc. 1003.

placed on supervised release for a term of 10 years. This term consists of 10 years of supervised release as to Count 1 and a term of one year of supervised release as to Count 17, to be served concurrently. While on supervised release, Riley shall abide by all standard and special conditions of supervised release, which were previously imposed at sentencing:[112]

1. Considering his criminal history, Riley shall provide complete access to financial information, including disclosure of all business and personal finances, to the United States Probation Officer.

2. Considering Riley's history of substance abuse as documented in the Presentence Investigation Report, Riley shall undergo random urinalyses, as directed by the United States Probation Officer. If Riley tests positive for the use of illegal narcotics, he may participate in an approved outpatient treatment program for substance abuse and abide by all supplemental conditions of treatment, unless directed otherwise by the Court.[113] Riley shall contribute to the cost of this program to the extent that Riley is deemed capable by the United States Probation Officer.

Additionally, in light of the reduction of sentence granted to Riley's by this Order, the following additional special conditions shall also be imposed:

1. Considering the nature of the instant offense, Riley shall submit his person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time in a reasonable manner, based upon reasonable suspicion that contraband or evidence of a violation of a condition of supervision may exist; failure to submit to a search may be grounds for revocation; Riley shall warn any other resident(s) that the premises may be subject to searches pursuant to this condition.

2. To address public safety, Riley shall be placed on home detention and monitored by GPS for a period of no more than six (6) months, to commence immediately upon release from the Bureau of Prisons. Riley is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-

---

[112] *See* Rec. Doc. 637.

[113] The terms of this condition are modified to specify outpatient treatment as required by the Fifth Circuit's holding "the court should not have delegated to the probation officer the decision to require inpatient, rather than outpatient, treatment because of the liberty interests at stake and the length of the sentence.") *United States v. Martinez*, 987 F.3d 432, 436 (5th Cir. 2021).

  ordered obligations; or other activities as pre-approved by the United States Probation Officer. Riley shall wear an electronic device and shall observe the rules specified by the United States Probation Office. Riley shall contribute to the cost of this program to the extent that he is deemed capable by the United States Probation Officer.

3. To assist Riley with his re-entry into the community, Riley shall provide monthly updates to the Court through the Court's Judicial Intervention Program.

If Riley violates any condition of supervised release, his term of supervised release could be revoked and he could be sentenced to serve in prison all or part of the term of supervised release without credit for any time previously served on supervised release.[114]

**NEW ORLEANS, LOUISIANA,** this  11th  day of December, 2023.

                  _____
                  NANNETTE JOLIVETTE BROWN
                  CHIEF JUDGE
                  UNITED STATES DISTRICT COURT

**Clerk to notify:**
**United States Marshal**
**United States Probation Office**

---

[114] *See* 18 U.S.C. § 3583(e)(3).